UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRELL CURRY, | No. C 09-3408 MHP (pr) |
| Plaintiff, | **ORDER ON INITIAL REVIEW** |
| v. | |
| CALIFORNIA DEPARTMENT OF CORRECTIONS & REHABILITATION; et al., | |
| Defendants. | |

## INTRODUCTION

Terrell Curry, formerly an inmate at Salinas Valley State Prison and now an inmate at Centinela State Prison, filed this pro se civil rights action under 42 U.S.C. § 1983. The complaint is now before the court for review under 28 U.S.C. §1915A. His motion for injunctive relief also is before the court for consideration.

## BACKGROUND

Curry alleges in his complaint that prison officials refuse to accommodate him in the practice of his religion. He alleges that he is a practitioner of the "Shetaut Neter faith, which is an Ancient African Religion," which he describes in the declaration he has attached as an exhibit to the complaint. Complaint exhibit (Curry Decl., p. 1.) Curry alleges that various prison officials have denied his request for a "vegetarian/vegan" diet since April 2007, and that the vegetarian diet they have offered has been unacceptable to satisfy his religious beliefs. He also alleges that various prison officials have denied him incense oils that he has requested for his religious rituals.

1 Curry also alleges that the CDCR and CDCR director Cate have put him, a slight
2 inmate, in housing with bigger inmates. This allegedly makes him vulnerable to attack.
3 On the day he filed his complaint, Curry also filed a motion for a preliminary
4 injunction to compel defendants to provide him with his religious items. He did not serve his
5 motion on any defendant.

**DISCUSSION**

A. Service of Process

When he filed this action, Curry paid the full filing fee. He has not been granted leave to proceed as a pauper. Therefore, Curry is responsible for causing a summons and complaint to be served on each defendant; the court will not have the Marshal do it. To date, there is no indication that Curry has served any defendant, even though his complaint has been pending for many months.

Curry recently sent a letter to the court saying that he had not received summonses to serve. That is not surprising, because he never requested them. The clerk will send to Curry seven summonses issued in blank so that he may serve each of the seven defendants.

No later than **May 28, 2010**, Curry must (1) file proofs of service showing that he has served the summons and complaint on each defendant in this action or (2) show cause why this action (or any unserved defendants) should not be dismissed for failure to serve process within 120 days of the filing of the complaint. See Fed. R. Civ. P. 4(l)-(m).

B. Review of Complaint

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. §1915A(a). The court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §1915A(b)(1),(2). Section 1915A applies because the plaintiff is a prisoner; his payment of the full filing fee does not exempt his case from the statute's reach.

Curry alleges in his complaint that defendants' denial of the "vegetarian/vegan" diet

2

and the denial of the incense oils has violated his rights under RLUIPA, under the First Amendment's Free Exercise and Establishment Clauses, and under the Fourteenth Amendment's Equal Protection Clause. The RLUIPA and Free Exercise Clause claims are self-evident, but the other two need further explanation. As to the Establishment Clause claim, Curry alleges that defendants "endorse, support, or affiliate with the Orthodox Jewish and Muslim Religions by singling out these particular sects for special treatment by accommodating them with religious diets consistent with their faith, denying plaintiff a vegetarian/vegan diet which is central to his faith, suggesting and encouraging plaintiff to participate in one of the religions that is endorsed or supported." Complaint, p. 3A. As to the Equal Protection Clause claims, Curry alleges that, by providing religiously-mandated diets and oils to adherents of other religions but not to his, defendants have discriminated against him. Liberally construed, the first seven claims of the complaint state cognizable claims upon which relief may be granted. See Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-1; County of Allegheny v. ACLU, 492 U.S. 573 (1989); O'Lone v. Estate of Shabazz, 482 U.S. 342 (1987); Cruz v. Beto, 405 U.S. 319 (1972); Shakur v. Schriro, 514 F.3d 878 (9th Cir. 2008); Freeman v. Arpaio, 125 F.3d 732 (9th Cir. 1997).

In his Claim 8, Curry alleges that defendant California Department of Corrections & Rehabilitation and director Cate acted with deliberate indifference to his safety over the last three years. Their alleged deliberate indifference consists of housing him, an inmate "with a slight physical build," with cellmates who are "much larger, stronger and/or more violent prisoners. . . and have a history of assaulting cellmates." Complaint, p. 3C. He alleges that the classification policy is inadequate and the cells are inadequately monitored. Deliberate indifference to a serious risk of harm to a prisoner violates the Eighth Amendment's proscription against cruel and unusual punishment. See Estelle v. Gamble, 429 U.S. 97, 102-04 (1976); Frost v. Agnos, 152 F.3d 1124, 1128-29 (9th Cir. 1998). A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it. See Farmer v.

Brennan, 511 U.S. 825, 837, 844 (1994).  Curry's allegations are simply too generalized and conclusory to state a claim upon which relief may be granted.  The court "must accept as true all of the factual allegations contained in the complaint," Erickson v. Pardus, 551 U.S. 89, 94 (2007), but need not accept as true allegations that are legal conclusions, unwarranted deductions of fact or unreasonable inferences.  See Sprewell v. Golden State Warriors, 266 F.3d 979, 988, amended, 275 F.3d 1187 (9th Cir. 2001).  Although an inmate need not wait to be attacked to obtain relief, the fact that Curry doesn't indicate that he has been attacked in the three years this situation has existed is quite suggestive that there is not a pervasive risk of harm at a level that would demonstrate an objectively serious condition.  He also falls short on the deliberate indifference prong, as he does not identify any time he has complained of a specific cellmate and received no response from defendants.  His allegations – which amount to little more than positing that prisons are dangerous places, especially for persons of smaller stature – are insufficient to state an Eighth Amendment claim.  The claim is dismissed without prejudice.

C.    Preliminary Injunction Request

Plaintiff filed a motion for a preliminary injunction to compel defendants to provide him with his requested vegetarian/vegan diet and the incense oils he wants for his religious activities.  The motion is DENIED because he did not give notice of his motion to defendants, show what steps he took to try to give them notice, or satisfactorily explain why defendants should not be given notice of his request.  See Fed. R. Civ. P. 65(a)(1).  Further, the parties have not been served with process by plaintiff.  See Zepeda v. INS, 753 F.2d 719, 727 (9th Cir. 1983).

**CONCLUSION**

For the foregoing reasons,

1.    Plaintiff has stated cognizable claims under RLUIPA, the First Amendment's Free Exercise Clause and Establishment Clause, and the Fourteenth Amendment's Equal Protection Clause against defendants for denying him a religious diet and incense oils for religious rituals. The Eighth Amendment claim is dismissed without prejudice.

2. The clerk will issue seven summonses in blank and send them to plaintiff, making note on the docket when these have been sent to plaintiff.

3. No later than **May 28, 2010**, Curry must (1) file proofs of service showing that he has served the summons and complaint on each defendant in this action or (2) show cause why this action (or any unserved defendants) should not be dismissed for failure to serve process within 120 days of the filing of the complaint. See Fed. R. Civ. P. 4(l)-(m).

4. Plaintiff's request for a preliminary injunction is DENIED. (Docket # 2.)

5. Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to this court for consideration in this case.

IT IS SO ORDERED.

Dated: February 9, 2010

_____
Marilyn Hall Patel
United States District Judge