UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TERRELL CURRY,

    Plaintiff,

    v.

CALIFORNIA DEPARTMENT OF CORRECTIONS & REHABILITATION; et al.,

    Defendants.

No. C 09-3408 MHP (pr)

**ORDER**

Terrell Curry filed this pro se prisoner's civil rights action under 42 U.S.C. § 1983. The court screened the complaint under 28 U.S.C. §1915A and found that it stated cognizable claims. The court also denied Curry's motion for injunctive relief. Thereafter, Curry filed an amended complaint without requesting leave to do so and attempted to add a second plaintiff. He also renewed his motion for injunctive relief and filed a motion for default judgment. This order addresses these miscellaneous matters and then provides scheduling and case management information.

A.    The Amended Complaint

A plaintiff may amend his complaint once without leave of court if he does so within the earlier of 21 days after serving it or, "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after the service of a motion under Rule 12(b), (e), or (f), whichever is earlier." See Fed. R. Civ. P. 15(a). Leave to amend was required because Curry had served his complaint several months before he tried to amend, and defendants had filed their waiver of reply several months

before Curry tried to amend. The amended complaint is stricken because Curry did not seek or obtain the necessary leave of court. With the second amended complaint being stricken, defendants' request for the court to screen it under 28 U.S.C. § 1915A is dismissed. (Docket # 15.) The original complaint remains the operative pleading.

B.     The Second Plaintiff Cannot Be Added To This Action

The original complaint was filed by Curry alone. The proposed amended complaint sought to add a second plaintiff, Lorenzo Fosselman. Although the court has disallowed the amended complaint, the court also will explain why Fosselman cannot be added in this action even if Curry had sought leave to file the amended complaint that added Fosselman as a co-plaintiff.

Curry asserted that he was adding Fosselman as a "real party in interest" pursuant to Federal Rule of Civil Procedure 17(a). See Amended Complaint (docket # 14), at 1; Addendum To Add Co-Plaintiff To Motion For Preliminary Injunction (docket # 13) at 1. Fosselman is another inmate who is of the same religion as Curry and apparently has claims similar to Curry's claims. That does not make Fosselman a real party in interest to Curry's claims, and there is no other suggestion that Fosselman has any legal rights vis-a-vis Curry's claims. Fosselman cannot be added as a "real party in interest" to Curry's claims. That leaves the question of whether Fosselman could be added as a co-plaintiff to pursue his own claims.

Fosselman will not be allowed to proceed as a co-plaintiff because nothing is alleged to show that his claims and Curry's claims arise "out of the same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(a). They both allegedly experienced interferences with religious freedom rights and they are both of the same religion, but there the commonality stops. There are no allegations that they were at Salinas Valley (where the denial of Curry's requests allegedly occurred) at the same time, or that any of defendants' acts or omissions were done with regard to them together. Further, the religion claims are fact-specific to each plaintiff, e.g., religious accommodations claims focus on the specific request the plaintiff made and the response he received and any claim that

2

depends on the sincerity of one's beliefs also are individual to the plaintiff. Lastly, court records for several other cases show that Curry and Fosselman may be at the same prison now, but they were not for much of the last three years, when the events that give rise to the allegations of the amended complaint allegedly took place. Curry was at Salinas Valley in parts of 2007 and 2008, at Corcoran for part of 2009, and then at Imperial since May 2009. See Curry v. Tilton, C 07-775 MHP; Curry v. Jones, C 07-1413 MHP. Fosselman also was at Salinas Valley several years ago and is now at Imperial, but was at Kern Valley in between those facilities and may not have arrived at Imperial until after this action was filed. See Fosselman v. Caropreso, C 09-055 PJH; Fosselman v. Evans C 08-3617 VRW. The facts for their claims (which they contend are ongoing problems) are not the same and their damages likely would be different if each prevailed.

    Not only are the joinder requirements of Federal Rule of Civil Procedure 20 not satisfied, there are practical considerations that strongly counsel against having prisoners proceed as co-plaintiffs. "A district court possesses inherent power over the administration of its business." Spurlock v. FBI, 69 F.3d 1010, 1016 (9th Cir. 1995). This power includes the authority to promulgate and enforce rules for the management of litigation and its docket. Id. (citations omitted). Basic case management principles of delay reduction and avoidance of confusion call for the plaintiffs' claims to proceed separately. The interests of justice are best served when a prisoner-plaintiff proceeds as the sole plaintiff rather than joining with other prisoners to prosecute an action. First, prisoners get moved around in the California prison system. When prisoners move away from each other, that separation – whether it be to different cells, different cellblocks, different pods, or different prisons – makes it extremely difficult for them to proceed as co-plaintiffs. Second, even if they are in the same prison, they do not always have unrestricted access to each other. These two inmates are maximum security inmates and consequently face especially restrictive conditions. See, e.g. Amended Complaint at 5 (plaintiffs "will continue to be confined on level IV facilities, which experience many lockdowns/modified programs"). Since neither has the authority to represent the other, see Russell v. United States, 308 F.2d 78, 79 (9th Cir. 1962) ("a litigant

3

appearing in propria persona has no authority to represent anyone other than himself"), these lockdowns and modified programs to which they are exposed doubtless will disrupt their prosecution of this action especially when both need to sign filings and determine strategy. Ordering prison officials to let the plaintiffs have free access to each other is just the kind of interference with prison operations that courts generally are cautioned to try to avoid. See Wright v. Rushen, 642 F.2d 1129, 1132 (9th Cir. 1981). Even if permitted to communicate in writing with each other, the slow pace of the exchange of written communications between prisoners would result in extensive delays at each point in the litigation where they are required to file anything with the court. The progress of the case will slow as documents are shuttled back and forth between the plaintiffs until both are comfortable with signing them. One alternative is to permit the plaintiffs to file separate documents, but that essentially would result in two cases within a case, which has few benefits to match the substantial confusion caused by it. For these reasons, and in the interests of justice, Fosselman is dismissed from this action without prejudice to filing his own action.

C.   The Motion For Preliminary Injunction

Curry alleged in his complaint that prison officials refuse to accommodate him in the practice of his religion. He alleged that he was a practitioner of the "Shetaut Neter faith, which is an Ancient African Religion," which he described in a declaration. Complaint exhibit (Curry Decl., p. 1.) Curry alleged that various prison officials have denied his request for a "vegetarian/vegan" diet since April 2007, and that the vegetarian diet they have offered has been unacceptable to satisfy his religious beliefs. He also alleged that various prison officials have denied him incense oils that he has requested for his religious rituals.

At the same time he filed his complaint, Curry filed a motion for preliminary injunction. He requested an injunction compelling prison officials to: (a) provide him a vegetarian/vegan diet with particular components; (b) serve those meals to him in the dining hall notwithstanding lockdowns at any institution at which he may be housed; (c) change the regulation for the religious diet program to provide an option for the particular vegetarian/vegan diet he wants; (d) train food handlers and custody staff in proper food

4

1 preparation and service to avoid contaminating the vegetarian/vegan diets; and (e) permit him
2 to possess religious incense oil.  Notice of Motion For Preliminary Injunction, p. 2. (Docket #
3 2.)  The court denied the motion for failure to serve notice on the adverse party.  Curry has
4 renewed the motion.

5       "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed
6 on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief,
7 that the balance of equities tips in his favor, and that an injunction is in the public interest."
8 Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, —, 129  S. Ct. 365, 374
9 (2008).  Winter did not, however, completely reject the validity of the sliding scale approach
10 to preliminary injunctions.  Alliance for Wild Rockies v. Cottrell, No. 09-35756, slip op.
11 1517, 1527 (9th Cir. Jan. 25, 2011).  Under the "sliding scale" approach used in the Ninth
12 Circuit – also dubbed the "serious question" test in Alliance for Wild Rockies -- "the
13 elements of the preliminary injunction test are balanced, so that a stronger showing of one
14 element may offset a weaker showing of another."  Id. at 1527.   Thus, even after Winter,
15 "serious questions going to the merits and a hardship balance that tips sharply toward the
16 plaintiff can support issuance of an injunction, assuming the other two elements of the
17 Winter test are also met."  Id. at 1528 (citations and internal quotation marks omitted).

18       Curry's "motion to renew plaintiffs' preliminary injunction motion" is DENIED.
19 First, Curry still has not established that he ever served a copy of the original motion on
20 defense counsel.  In his declaration, he refers to attached proofs of service that purportedly
21 show service, but the proofs of service refer to a "preliminary injunction" (which is not the
22 name of any document on file) and the only document that had been filed was a "motion for
23 preliminary injunction."  See Motion To Renew Plaintiff's Preliminary Injunction, Curry
24 Decl., ¶ 4 and Exs. A-1&2.  This discrepancy in document names may just be a careless
25 mistake by Curry but, because notice is so critical, it cannot be overlooked by the court.
26 Notice of the motion must be given to the opponent, and Curry has not shown that he did it.
27       Second, Curry has failed to establish that he is likely to succeed on the merits or even
28 that there are serious questions going to the merits of his claims.  He provides none of the

**United States District Court**
For the Northern District of California

documents showing his efforts to obtain the religious diet and oils and none of the documents showing whether and why defendants refused his requests. The absence of documentation is particularly troubling in that the events are not recent ones as to which all the paperwork may not have been gathered but instead are events that apparently took place in 2007. Further, from a declaration Curry filed in another action, it is clear that prison officials have made at least some accommodation (i.e., prison officials permitted inmates of his faith to gather for religious services) for his minority religion, so this is not a situation where prison officials won't acknowledge his religion at all. See Curry v. Morring, C 09-3751 MHP, Complaint at Curry Decl., ¶¶ 11-13. Additionally, the evidence that purports to provide information about the religion of which he is a member is not admissible evidence. He refers to a "declaration from [his] spiritual teacher-sebai-priest which sets out scriptual (sic) mandates of a Kemetic diet-vegan diet" and other information about the religion. Motion To Renew (docket # 5), Curry Decl. ¶ 6. That document is a "to whom it may concern" memo from a person identifying himself as a director of the Sema Institute/Temple of Shetaut Neter but is not signed by the author (and instead is signed by another person purportedly for the author), and is not made under penalty of perjury. Addendum To Motion To Renew Plaintiff's Preliminary Injunction (docket # 12) at Ex. B. To be admissible, a declaration must be signed by the declarant (not another on his behalf), and must be made under penalty of perjury. The evidence on the merits of the claims is simply too sketchy. The court concludes that Curry has not shown likelihood of success on the merits and therefore does not consider whether he would suffer irreparable injury. See Guzman v. Shewry, 552 F.3d 941, 948 (9th Cir. 2009). The motion for preliminary injunction, the motion to renew the motion for preliminary injunction, and the motion to set a briefing schedule on the motion for preliminary injunction are DENIED. (Docket # 2, # 5, and # 11).

D. The Default Judgment Motion

Curry's motion for default judgment is DENIED. (Docket # 10.) Curry failed to show that any defendant was in default at the time he made his motion and, in any event, defendants now have filed a waiver of the right of reply. (Docket # 9.) See also 42 U.S.C. §

6

1997e(g)(1) (allowing a defendant to "waive the right of reply" in a civil rights action filed by a prisoner, providing that such a waiver is not an admission of the allegations in the complaint, and disallowing relief for the plaintiff unless a reply has been filed).

E.  Scheduling

    1.  In order to expedite the resolution of this case, the following briefing schedule for dispositive motions is set:

        a.  No later than **April 29, 2011**, defendants must file and serve a motion for summary judgment or other dispositive motion.  If defendants are of the opinion that this case cannot be resolved by summary judgment, they must so inform the court prior to the date the motion is due.

        b.  Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the court and served upon defendant no later than **June 3, 2011**. Plaintiff must bear in mind the following notice and warning regarding summary judgment as he prepares his opposition to any summary judgment motion:

> The defendants may make a motion for summary judgment by which they seek to have your case dismissed.  A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.. . . Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted, your case will be dismissed and there will be no trial.
> (See Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998).

Plaintiff also should take note that defendants may file a motion to dismiss for failure to exhaust administrative remedies instead of or in addition to a motion for summary judgment. A motion to dismiss for failure to exhaust administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, result in the dismissal of the action.  The plaintiff must "develop a

record" and present it in his opposition in order to dispute any "factual record" presented by the defendants in their motion to dismiss. Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003).

        c.     If defendants wish to file a reply brief, they must file and serve the reply brief no later than **June 17, 2011**.

    2.     Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

    3.     Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to this court for consideration in this case.

IT IS SO ORDERED.

Dated:   March 8, 2011

                                        Marilyn Hall Patel
                                        United States District Judge